# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MORRIS BARREN,<br>                Plaintiff,<br><br>   vs.<br><br>PENNSYLVANIA STATE POLICE;<br>TROOPER WESLEY BERKEBILE;<br>TROOPER SERGEANT ANTHONY<br>DELUCA; TROOPER MIKE SCHMIDT;<br>TROOPER JOHN A. LITCHKO;<br>TROOPER MICHAEL J. VOLK;<br>TROOPER STUART FROME; OFFICE<br>OF ATTORNEY GENERAL *Asset*<br>*Forfeiture and Money Laundering Section*;<br>ATTORNEY GENERAL GERALD J.<br>PAPPERT; DEPUTY A.G. JESSE D.<br>PETTIT; DISTRICT ATTORNEY LISA<br>LAZARRI-STRASISER,<br>                Defendants. | Civil Action No. 14-134J<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed before being served pursuant to the Prison Litigation Reform Act because it fails to state a claim upon which relief can be granted.

### II. REPORT

David Morris Barren ("Plaintiff") is currently a federal prisoner who seeks to sue a number of individuals, who were involved either in the arrest of Plaintiff, the search of Plaintiff and the car in which he was riding in February, 2003, or who were involved in the June, 2004 forfeiture of Plaintiff's property seized in those searches. Plaintiff also names as defendants, the governmental units who employed the individual defendants. Plaintiff asserts that his

constitutional rights were violated by his arrest, by the searches and seizures and by the state court forfeiture proceedings.

The instant civil rights Complaint should be dismissed for several reasons, including: 1) the claims are time barred, because Plaintiff's cause of action accrued in February 2003 and he did not file the present action until June of 2014; 2) the Rooker-Feldman doctrine bars this Court from reviewing what transpired in the state court forfeiture proceedings and from holding that those state court forfeiture proceedings violated Plaintiff's rights; and 3) the doctrines of prosecutorial immunity and testimonial immunity bar Plaintiff's claims against some of the individual defendants.

## A. PROCEDURAL AND FACTUAL HISTORY

Plaintiff, proceeding pro se, filed his Motion for Leave to Proceed In Forma Pauperis, ECF No. 1, which was granted. ECF No. 2. Plaintiff's Complaint was filed. ECF No. 3. The Complaint primarily concerns incidents that occurred in February, 2003 with his arrest and the seizure of his property, and in June, 2004 when the state court forfeiture proceedings occurred.

Specifically, Plaintiff complains that Trooper Wesley Berkebile ("Berkebile") illegally stopped the car in which Plaintiff was riding and illegally arrested Plaintiff. ECF No. 3, at ¶¶ 16 – 19. Plaintiff also alleges that the application for the search warrant by Trooper Michael J. Volk ("Volk") contained intentional misrepresentations. Id., ¶ 21. Plaintiff further alleges that Berkebile and Volk illegally seized Plaintiff's property. See id., ¶ 23. Plaintiff also alleges that Trooper Sergeant Anthony DeLuca ("DeLuca") recorded that the property seized by the two other troopers was found on and recovered from Plaintiff. Id., ¶ 25. Plaintiff further complains that Defendant Deluca permitted Trooper Stuart Frome ("Frome") to misrepresent material facts so that the Commonwealth could speciously forfeit Plaintiff's property. Id., ¶ 26.

On or about February 11, 2004, Plaintiff was charged with possession of firearms without a license and with receiving stolen property. On February 20, 2004, all charges against Plaintiff were dismissed at the preliminary hearing, according to Plaintiff. Id., ¶¶ 27-28.

On June 17, 2004, the Commonwealth filed a Petition for Forfeiture and Condemnation of Plaintiff's property that was seized. Id., ¶ 29. Plaintiff alleges that Deputy Attorney General Jesse Pettit ("Pettit"), who filed the Petition for Forfeiture made knowing misrepresentations of material facts. Id., ¶ 30.

Apparently, the nature of the misrepresentations made in the course of the forfeiture proceedings was that the property which was to be forfeited was in the possession of Jacquae Taylor, also known as, Gary Hill, and that Jacquae Taylor appeared to be the owner of the property. Id., ¶ 36. In contrast, Plaintiff asserts that many of the Defendants knew that the property to be forfeited belonged, in fact, to Plaintiff. Id., ¶¶ 32, 35. Plaintiff asserts that the Defendants knew the property belonged to Plaintiff notwithstanding that Plaintiff apparently signed a form indicating that the money found on him did not belong to Plaintiff. Id., ¶ 61.

Plaintiff also complains that he was not served with the Petition for Forfeiture and/or any Rule to Show Cause why the property should not be forfeited. Id., ¶ 34. Plaintiff asserts that "[h]aving no knowledge that his property had been forfeited, the Plaintiff-Mr. Barren filed a 'Motion For Return of Property' on December 28, 2011, a 'Motion for Judgment for Failure to Respond' on May 22, 2012, a 'Writ of Praecipe' on October 15, 2012, a 'request for Records' on or about July 25, 2013, and a 'Request for Docket Correction' on or about August 30, 2013." Id., ¶ 40.

On August 20, 2013, Judge John Cascio of the Court of Common Pleas of Somerset County scheduled a hearing to be held on October 30, 2013 on Plaintiff's Writ of Praecipe and

Motion for Return of Property. Id., ¶ 43. Plaintiff complains that at the hearing, Defendant Lisa Lazzari-Strasiser, the District Attorney for Somerset County, made knowing misrepresentations during the course of the hearing. Id., ¶¶ 46 -48. Plaintiff contends that the Commonwealth eventually conceded that two earrings which were still in the possession of the Commonwealth could be returned to Plaintiff. Id., ¶ 52. Plaintiff further asserts that it was not until November 7, 2013, when the Commonwealth filed a reply to one of Plaintiff's various state court motions that Plaintiff learned that his property had actually been forfeited and not just seized. Id., ¶ 53.

Plaintiff alleges that the foregoing conduct of the Defendants violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights. Id., ¶ 58.

By way of relief, Plaintiff "prays for judgment in his favor and requests an injunction against the [forfeiture] Order of Court, Commonwealth v. Sixty-Seven Thousand Seven Hundred and Nine Dollars ($67,709.00) In United States Currency and Assorted Items of Property, No. 100 Special 04, December 14, 2004, In the Court of Common Pleas of Somerset County, Pennsylvania, rendering the Order of Court a [nullity] and therefore [void]." Id., ¶ 72. Plaintiff also seeks damages. Id., ¶ 75.

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening

provisions of the PLRA apply. See 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A and 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions").

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most

5

favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

C. DISCUSSION

**1. Plaintiff's Claims Are Time Barred.**

All of Plaintiff's claims concerning his alleged unlawful arrest and the alleged illegal search and seizure of his property, as well as the alleged false statements made by the police in support of their affidavits of probable cause are time barred. Plaintiff specifically invokes 42 U.S.C. § 1983 as the jurisdictional basis for this lawsuit. Id., ¶ 1 ("The matters in controversy arise under 42 U.S.C. § 1983").

The United States Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the federal courts, located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

A United States District Court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint and/or from matters of which judicial notice may be had. See, e.g., Mumma v. High–Spec, 400 F. App'x 629, 631 n. 1 (3d Cir. 2010); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F. App'x 726 (9th Cir. 2001). In the instant case, the bar

of the statute of limitations is apparent from the face of the Complaint and matters of which judicial notice may be taken.

Herein, the wrongs complained of by Plaintiff in connection with his arrest, and the allegedly illegal search and seizure of his property, allegedly occurred in February 2003, and, therefore, accrued at that time. Plaintiff did not "file"[1] his application to proceed IFP, which would stop the running the of the statute of limitations,[2] until, at the earliest, June 12, , 2014, *i.e.*, more than eleven years after the alleged wrongs were perpetrated by the Defendants.

Plaintiff clearly knew of the alleged improper arrest, searches and seizures at the time.[3] Thus, it is clear from the face of the Complaint and matters of which judicial notice may be taken, that Plaintiff failed to commence his lawsuit within the applicable two year statute of

---

[1] Plaintiff's application for IFP status was not signed until June 12, 2014, ECF No. 1 at 1, which is the earliest this court could deem Plaintiff's suit as being filed, which is well beyond the two year limitations period. See Cromwell v. Keane, 27 F. App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials).

[2] Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

[3] Insofar as the forfeiture proceedings are concerned, we note that contrary to what Plaintiff states in the current Complaint, i.e., that he only learned of the forfeiture proceedings on November 7, 2013, when the Commonwealth filed a reply to one of Plaintiff's various motions Id., ¶ 53, in another similar lawsuit, Plaintiff made an admission that Plaintiff "did not know about the forfeiture proceeding executed against him until 2009["]. Commonwealth of Pennsylvania v. Sixty Eight Thousand Nine Hundred Fifty Dollars, No. 2:14-cv-622 (W.D. Pa. ECF No. 1-1 at 3, filed 5/13/2014). If in fact, Plaintiff learned of the forfeiture proceedings against him in 2009, then his claims concerning the forfeiture proceedings would likewise be time barred, as he discovered the forfeiture proceedings in 2009 but did not file the current Complaint until at the earliest June 12, 2014, more than three years later. Even if Plaintiff's claims concerning the forfeiture proceedings are not time-barred, they are dismissible based upon the Rooker-Feldman doctrine as explained below.

limitations. Accordingly, Plaintiff's claims concerning the improper arrest, searches and seizures should be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.

Similarly, Plaintiff's claims against the government employers of the individual defendants are time-barred. Plaintiff seeks to hold the government employers liable based on their alleged failure to "properly hire and train their employees/human servants as to the respect due, and propriety in safeguarding the Plaintiff-Mr. Barren's constitutional rights." Id., ¶ 66. Such failures to hire and or train on the parts of the government employers must necessarily have occurred before the acts of the individual defendants, occurring in 2003, which gave rise to this lawsuit. Hence, it is clear from the face of the Complaint that the claims against the government employers are likewise time barred and must be dismissed.

### 2. The Rooker-Feldman Doctrine Bars Review of the Forfeiture Proceedings.

By this Complaint, Plaintiff is attempting to establish the alleged illegality of the state court forfeiture proceedings. In essence, Plaintiff asks this Court to review the state court forfeiture proceedings and conclude that those proceedings were illegal and/or wrong. However, federal courts, other than the United States Supreme Court, have no power to act in an appellate capacity to state courts as is made clear by the Rooker-Feldman doctrine. See, e.g., Robinson v. New Jersey Mercer County Vicinage-Family Div., 514 F. App'x 146, 150 (3d Cir. 2013) ("The Rooker–Feldman doctrine 'precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court.'") (quoting Madera v. Ameriquest Mortg. Co. (In re Madera), 586 F.3d 228, 232 (3d Cir. 2009)) (some internal quotation marks omitted).

Accordingly, Plaintiff's claims concerning the alleged unconstitutionality of the state court forfeiture proceedings must be dismissed for failure to state a claim upon which relief can be granted.

### 3. Various Immunity Doctrines Protect Some of the Defendants.

#### a) Defendants Pettit and Lazzari-Strasiser are immune.

Prosecutors enjoy absolute immunity from Section 1983 suits seeking money damages for actions taken by the prosecutor that are "intimately associated with the judicial process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Defendant Pettit's decision, as Deputy Attorney General, to initiate and to prosecute the forfeiture action against Plaintiff and his property are actions that are "intimately associated with the judicial process" so as to entitle Defendant Pettit to absolute prosecutorial immunity. See, e.g., Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) ("the individual prosecutors were entitled to absolute immunity in their personal capacities [for their actions in connection with the forfeiture proceedings]. *See Schrob v. Catterson*, 948 F.2d 1402, 1411-13 (3d Cir. 1991) (holding prosecutor's initiation of an in rem civil proceeding for the forfeiture of criminal property was protected by absolute immunity).").

In like manner, the actions of Defendant Lazzari-Strasiser, as District Attorney of Somerset County, in representing the Commonwealth and responding to Plaintiff's many motions filed in the Court of Common Pleas of Somerset County, wherein Plaintiff sought the return of his forfeited property, are "intimately associated with the judicial process" and so, she is entitled to absolute prosecutorial immunity for those actions.

#### b) Defendant Berkebile is entitled to absolute witness immunity.

It appears that Plaintiff may be seeking to render Defendant Berkebile liable for his testimony at Plaintiff's criminal trial. In the Complaint, Plaintiff asserts that he "continues to

suffer a current and continuing harm as a result of Defendant-Wesley Berkebile's trial testimony which took place on November 4, 2009. Said testimony created false impressions of material facts as they pertain to the [truth] of the matter, and the events complained of herein." Id., ¶ 65.

To the extent that Plaintiff seeks to hold Defendant Berkebile liable for his testimony at Plaintiff's criminal trial, Plaintiff's claim fails to state a claim upon which relief can be granted because Defendant Berkebile is entitled to absolute witness immunity.

Under the common law, witnesses who testified in judicial proceedings were absolutely immune from any liability for such testimony. Briscoe v. La Hue, 460 U.S. 325 (1983). The United States Supreme Court has held Congress did not abrogate that common law immunity under 42 U.S.C. § 1983, i.e., the Civil Rights statute. Id. Accordingly, a civil rights suit brought against an individual seeking to make the individual liable for testimony given in a judicial proceeding is barred under the witness immunity doctrine. See id. The shield of witness immunity is not even pierced by allegations of perjury. For example, in Briscoe, the Supreme Court held that a police officer who was sued under 42 U.S.C. § 1983, by a criminal defendant for allegedly giving perjured testimony was held to be absolutely immune from suit as the police officer came within the common law doctrine of witness immunity. As one court has held, "Police officers have the same absolute immunity as lay witnesses in testifying at trial or before a grand jury. As with any witness testifying under oath, the penalty for false testimony is potential prosecution for perjury. Because a preliminary hearing is a judicial proceeding, Myles enjoys absolute immunity from civil liability damages resulting from his testimony." Scarbrough v. Myles, 245 F.3d 1299, 1305 (11th Cir. 2001)(citations and footnotes omitted). Because any claim against Defendant Berkebile regarding his testimony at Plaintiff's criminal trial is subject

to absolute immunity, any such claim must be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action should be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: August 20, 2014

Respectfully submitted,

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

cc: The Honorable Nora Barry Fisher
United States District Judge

David Morris Barren
09803-068
Hazelton -U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 200
Bruceton Mills, WV 26525

12