IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MORRIS BARREN,<br>        Plaintiff,<br><br>    vs.<br><br>PENNSYLVANIA STATE POLICE;<br>TROOPER WESLEY BERKEBILE;<br>TROOPER SERGEANT ANTHONY<br>DELUCA; TROOPER MIKE SCHMIDT;<br>TROOPER JOHN A. LITCHKO;<br>TROOPER MICHAEL J. VOLK;<br>TROOPER STUART FROME; OFFICE<br>OF ATTORNEY GENERAL *Asset<br>Forfeiture and Money Laundering Section*;<br>ATTORNEY GENERAL GERALD J.<br>PAPPERT; DEPUTY A.G. JESSE D.<br>PETTIT; DISTRICT ATTORNEY LISA<br>LAZARRI-STRASISER,<br>        Defendants. | Civil Action No. 14-134J<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on June 27, 2014, and was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (the "Report"), ECF No. 7, filed on August 20, 2014, recommended that the Complaint be dismissed pre-service pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted. Service of the Report was made on the Plaintiff at his address of record. Plaintiff was given until September 8, 2014 to file any objections. Plaintiff's Objections were docketed on September 9,

2014 but are deemed timely filed pursuant to the prisoner mail box rule. Plaintiff also filed an affidavit in support of his Objections. ECF No. 9. The Court finds that none of the Objections merits rejection of the Report or extended comment.

The Report first found that most of Plaintiff's claims concerning the stop and search and seizure of Plaintiff's property, all of which occurred in February 2003, were barred by the two year statute of limitations. In his Objections, Plaintiff objects to the Report's reliance on the statute of limitations, invoking, *inter alia*, the "fraudulent concealment doctrine" and asserting that the "Commonwealth's ongoing concealment of the forfeiture, and Mr. Barren's recent 'discovery' of such on or about November 7, 2013, estops them from raising statute of limitations bars and delays the accrual date until November 7, 2013." ECF No. 8 at 3. While such alleged concealment of the forfeiture may address the issue of the statute of limitations with regard to the Plaintiff's claims about the forfeiture, it simply fails to address why Plaintiff did not file suit within the statute of limitations for his claims of false arrest and illegal seizure of his property which occurred back in February 2003. Indeed, Plaintiff has failed to show that the fraudulent concealment doctrine saves his claims regarding the allegedly illegal arrest of Plaintiff and search and seizure of Plaintiff's property back in February 2003.

As the United States Court of Appeals for the Third Circuit recently explained:

> Generally, "state tolling principles also govern § 1983 claims" unless they conflict with "federal law or policy." Kach, 589 F.3d at 639. "Pennsylvania's fraudulent concealment doctrine tolls the statute of limitations where 'through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry.' " Mest v. Cabot Corp., 449 F.3d 502, 516 (3d Cir. 2006) (quoting Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 556 (3d Cir. 1985)). Even if a plaintiff can establish that the defendant engaged in fraudulent concealment, the statute of limitations "begins to run when the injured party knows or reasonably should know of his injury and its cause." Fine v. Checcio, 582 Pa. 253, 870 A.2d 850, 861 (Pa. 2005).

2

Montanez v. Secretary, Pennsylvania Dept. of Corrections, __ F. 3d __, __, 2014 WL 3953644, at *5 (3d Cir. Aug. 14, 2014). Moreover, "the continuing violation doctrine does not apply when the plaintiff 'is aware of the injury at the time it occurred.'" Id. (quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n. 6 (3d Cir. 2003).

Instantly, Plaintiff was aware in February 2003 of the injury to himself concerning the allegedly false arrest, and the search and seizure of his property. The relevant injuries complained of in the Complaint were the allegedly illegal arrest of Plaintiff, the allegedly illegal search of the car, and the illegal seizure of the property located on Plaintiff and in the car. ECF No. 3, ¶ 64 ("the Plaintiff-Mr. Barren suffered an invasion of his privacy, unlawful arrest, false imprisonment, substantial property loss . . . ."). We conclude that Plaintiff clearly knew or should have known in February 2003 that his constitutional rights were violated by the Defendants who conducted the arrest, search and seizure and so, any fraudulent concealment that may have occurred thereafter does not save Plaintiff's Complaint concerning his claims of false arrest, illegal search and illegal arrest and any other alleged wrongs occurring in February 2003. In like manner, because Plaintiff knew or should have known of his injury in February 2003, the continuing violation doctrine does not save these claims from the statute of limitations.

As to the allegedly illegal forfeiture of Plaintiff's property, the Report noted, in a footnote that Plaintiff admitted that he knew that his property was forfeited in 2009. ECF No. 7 at 8. The Report stated in Footnote 3 that

> **If** in fact, Plaintiff learned of the forfeiture proceedings against him in 2009, then his claims concerning the forfeiture proceedings would likewise be time barred, as he discovered the forfeiture proceedings in 2009 but did not file the current Complaint until at the earliest June 12, 2014, more than three years later. Even if Plaintiff's claims concerning the forfeiture proceedings are not time-barred, they are dismissible based upon the Rooker-Feldman doctrine as explained below.

ECF No. 7 at 8, n.3 (emphasis added).  In his Objections, Plaintiff complains that the Report confused two separate forfeiture proceedings, the one at issue in the pending Complaint, which he allegedly only learned about On November 7, 2013 and a second forfeiture which is not at issue herein, and which he learned about in 2009.  ECF No. 8 at 4.

As should be made clear from the above quote of Footnote 3, the Report only conditionally noted that "if" Plaintiff learned of the forfeiture at issue in the pending Complaint in 2009, then the claims concerning the forfeiture at issue in the pending Complaint would be time barred.  However, the Report went on to note that even if not time-barred, the claims concerning the forfeiture herein are barred by the Rooker-Feldman doctrine.  Given the conditional wording of Footnote 3, we do not find that the Report made any error.  However, even if Plaintiff could establish an error, such would be harmless because the Report was correct that the Rooker-Feldman doctrine bars Plaintiff's claims concerning the forfeiture.

While it is true that in the Objections, ECF No. 8 at 4 – 6, Plaintiff contends the Report erred in finding that the Rooker-Feldman doctrine bars his claims, regarding the forfeiture proceedings, Plaintiff fails to persuade us of his position.

The Report found that Plaintiff's claim concerning the alleged unconstitutionality of the forfeiture proceedings was barred by the Rooker-Feldman doctrine because Plaintiff was essentially asking this Court to act in an appellate capacity to the state court's forfeiture proceedings.  Plaintiff claims that because he was not given notice of the forfeiture proceedings, the state court forfeiture proceedings were unconstitutional and he seeks an injunction against the forfeiture order of the state court "rendering the Order of Court a [nullity] [sic] and therefore [void] [sic]".  ECF No. 3, ¶ 73.

4

As the United States Court of Appeals for the Third Circuit has made clear, "Rooker–Feldman precludes federal courts 'from entertaining an action ... if the relief requested effectively would reverse a state court decision or void its ruling.'" In re Dahlgren, 494 F. App'x 201, 203-04 (3d Cir. 2012) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006)). This is exactly what Plaintiff is requesting as relief, i.e., voiding the state court order that granted the forfeiture. Accordingly, it could not be clearer that Rooker-Feldman bars Plaintiff's claims concerning the state court forfeiture proceedings. See, e.g., Briar Meadows Developments, Inc. v. South Centre Township Bd. Of Supervisors, No. 10-CV-1012, 2010 WL 4024775, at *5 (M.D.Pa., Oct. 13, 2010) ("Thus, [under the Rooker-Feldman doctrine] a district court may not entertain any claims that were actually litigated in state court or are 'inextricably intertwined' with those claims already adjudicated in a state proceeding. While parallel litigation may render a stay or dismissal appropriate under principles of comity, it does not trigger Rooker–Feldman. This Court simply lacks subject matter jurisdiction to declare that the state court forfeiture proceedings were void.") (citation omitted).

Although not necessary to our disposition, we cannot help but to note that the apparent source of Plaintiff not being notified of the forfeiture proceedings was the fact that Plaintiff signed a statement that the property which was seized from his pockets and briefcase and luggage were not his, but apparently the driver of the car, Jacquae Taylor, also known as Gary Hill. ECF No. 3, ¶ 36 (Complaint quoting forfeiture petition, which apparently asserted that "the defendant/property was in the possession of Jacquae Taylor, also known as Gary Hill when it was seized. Jacquae Taylor appears to be the owner of the defendant/property."). ECF No. 9, ¶ 10 ("I was then [in February 2003) badgered and coerced into signing the State Police's statement (not my own), which connotes that the money seized from inside my pockets, and

from inside my briefcase and luggage, did not belong to me."). Given Plaintiff's knowledge of the allegedly coerced statement he made concerning his lack of ownership of the seized, and eventually forfeited property, he could have acted more diligently shortly after the seizure of the property and the alleged coercion in order to assure that his allegedly coerced statement was corrected. Had he done so, then he could have assured that he, and not Jacquae Taylor, would have received notification of the forfeiture proceedings.

The remaining Objections by Plaintiff do not merit any specific mention other than to say that we do not find them persuasive.

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 19th day of September, 2014;

IT IS HEREBY ORDERED that the Complaint is dismissed with prejudice pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 7, filed on August 20, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the Court as supplemented by this Order. The Clerk is to mark the case closed.

All pending motions are denied as moot.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

        s/Nora Barry Fischer
        NORA BARRY FISCHER
        UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

David Morris Barren
09803-068
Hazelton -U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 200
Bruceton Mills, WV 26525